```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

        JUL 20 2017

            AT SEATTLE
      CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
  BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHUAI LIU,<br><br>Defendant. | NO. CR17-165RSL<br><br>PLEA AGREEMENT<br>(Bringing In An Alien) |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Don Reno, Assistant United States Attorney for said District, and Defendant, SHUAI LIU, and his attorney, Jan P. Olson, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. <u>Waiver of Indictment</u>. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in the Information.

2. <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information: Bringing In An Alien in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i); (v)(II) (aid and abet); and (B)(1) (commercial advantage or private financial gain) as charged in Count One.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document, any applicable statute of limitation, and venue. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.     Elements of the Offense. The elements of the offense of Bringing In An Alien, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i); (v)(II) (aid and abet); and (B)(1) (commercial advantage or private financial gain) as charged in Count One are as follows:

(i) Defendant did knowingly aid and abet the bringing to the United States a person he knew to be an alien; and

(ii) Defendant knew that in bringing the alien to the United States he was doing it at a place other than a port of entry or place other than as designated by the Secretary of the Department of Homeland Security; and

(iii) Defendant committed the offense for private financial gain.

4.     The Penalties. Defendant understands that the statutory penalties for the offense of Bringing In An Alien, as charged in Count One are (i) a term of imprisonment of not more than ten (10) years if done for commercial advantage or private financial gain, (ii) a fine of up to two hundred fifty thousand dollars ($250,000), (iii) a period of supervision following release from prison of not more than three (3) years, and (iv) a one hundred dollar ($100) penalty assessment.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

PLEA AGREEMENT/ SHUAI LIU - 2
CR17-165RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Defendant agrees that any monetary penalty the Court imposes, including the

2   special assessment, fine, costs or restitution, is due and payable immediately, and further

3   agrees to submit a completed Financial Statement of Debtor form as requested by the

4   United States Attorney's Office.

5       5.      Rights Waived by Pleading Guilty. Defendant understands that, by

6   pleading guilty, he knowingly and voluntarily waives the following rights:

7           a.      The right to plead not guilty, and to persist in a plea of not guilty;

8           b.      The right to a speedy and public trial before a jury of his peers;

9           c.      The right to the effective assistance of counsel at trial, including, if

10  Defendant could not afford an attorney, the right to have the Court appoint one for

11  Defendant;

12          d.      The right to be presumed innocent until guilt has been established at

13  trial, beyond a reasonable doubt;

14          e.      The right to confront and cross-examine witnesses against Defendant

15  at trial;

16          f.      The right to compel or subpoena witnesses to appear on Defendant's

17  behalf at trial;

18          g.      The right to testify or to remain silent at trial, at which trial such

19  silence could not be used against Defendant; and

20          h.      The right to appeal a finding of guilt or any pretrial rulings.

21      6.      United States Sentencing Guidelines. Defendant understands and

22  acknowledges that, at sentencing, the Court must consider the sentencing range

23  calculated under the United States Sentencing Guidelines, together with the other factors

24  set forth in  Title 18, United States Code, Section 3553(a), including: (1) the nature and

25  circumstances  of the offense; (2) the history and characteristics of the defendant; (3) the

26  need for the sentence to reflect the seriousness of the offense, to promote respect for the

27  law, and to provide just punishment for the offense; (4) the need for the sentence to

28  afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

     a.    The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

     b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

     c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

     d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

    7.   <u>Immigration Consequences</u>. Defendant understands that, as a non-citizen of the United States, entering a guilty plea may have consequences regarding immigration status. Certain crimes are deportable offenses, and a plea of guilty to any such crime may subject Defendant to automatic deportation and removal from the United States. 8 U.S.C. § 1227(a)(2). Defendant affirms that he has been advised of the potential immigration consequences that may result from the entry of the guilty plea contemplated by this agreement and is prepared to proceed with his guilty plea regardless of any immigration consequences that may result from this/these guilty plea, even if such consequences include automatic deportation and removal from the United States.

    8.   <u>Sentencing Factors and Sentencing Recommendation</u>. The parties anticipate Defendant's criminal history category under USSG (2016) is I.

PLEA AGREEMENT/ SHUAI LIU - 4
CR17-165RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties anticipate the following Sentencing Guidelines provisions apply to this case:

   (i) A base offense level of twelve (12) pursuant to USSG § 2L1.1(a)(3), and

   (ii) A two (2) level reduction for acceptance of responsibility pursuant to USSG § 3E1.1 (a).

  With a total offense level of ten (10) and criminal history category I, the corresponding advisory Guidelines range is six (6) to twelve (12) months.

  The government will recommend a high-end sentence of twelve (12) months.

  The government will recommend that no supervised release be imposed as Defendant will be deported following completion of the sentence served in this matter.

  9. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

  10. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea and sentencing. Defendant admits he is guilty of the charged offense of aiding and abetting the Bringing In An Alien for private financial gain.

  (a) My name is SHUAI LIU. I am a citizen and national of China. I was born in China in 1994. I am currently a Canadian resident, living in Vancouver, B.C. with a valid student visa. I obtained a B1/B2 visa from the United States on May 12, 2017.

  (b) On or about June 9, 2017, a person in Richmond, British Columbia, Canada, who I knew had been involved in smuggling aliens into the United States in the past, told me he would pay me $2,500 if I would help smuggle a group of Chinese nationals into the United States. He told me the smuggling event was planned to happen that night near Blaine, Washington. As part of the smuggling plan, I rented a car from Hertz in Bellingham, Washington. The purpose of my renting the car was so I could pick-up the smuggled aliens at the planned entry point near Peace Road east of Blaine, Washington, on the evening of June 9, 2017.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       (c)    I rented the car from Hertz on June 9, 2017. At around 8:45 p.m., I

2 drove on H Street near Peace Road in order to become familiar with the area where I

3 would meet the group of smuggled aliens. I also sent a picture of the car I rented to

4 Mr. Wei Xiong Li, the guide, who I knew would bring the aliens into the United States

5 from Canada. Mr. Wei Xiong Li and I planned that I should expect to meet the group

6 near peace Road and the border that evening at approximately 9:30 p.m.

7       (d)    I drove to the designated area about 9:30 p.m. I went north on Peace

8 Road and turned around where the road ends near the border. I did not see the group I

9 was planning to pick-up. After I drove south on Peace Road and turned east on H Street,

10 I saw I was being followed by a Border Patrol vehicle. Although I did not see any lights

11 flashing on the Border Patrol vehicle indicating I should stop, I stopped in the middle of

12 H Street and put both arms out of the driver's side window. Shortly after I stopped and

13 was questioned by a Border Patrol agent, I was taken to the Border Patrol Station in

14 Blaine, Washington, with the group I had planned to pick-up. I admitted these facts to

15 Border Patrol agents when I was questioned at the Border Patrol Station

16       (e)    The location near Peace Road was chosen for me to pick-up the three

17 Chinese nationals because Mr. Li and I knew Immigration authorities would not be in this

18 border area. I chose this area because it was not a port of entry or other place designated

19 by the Secretary of the Department of Homeland for aliens to enter. I participated in this

20 smuggling act for my personal financial gain. I now know the names of the three aliens

21 that were apprehended at the time I was to pick them up as Chinese nationals (1) S.G.,

22 (2) C.W., and (3) X.C.C. I knew they did not have permission to enter the United States

23 or lawful residence status to be in the United States.

24     11.   <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement,

25 the United States Attorney's Office for the Western District of Washington agrees not to

26 prosecute Defendant for any additional offenses known to it as of the time of this

27 Agreement that are based upon evidence in its possession at this time, and that arise out

28 of the conduct giving rise to this investigation. In this regard, Defendant recognizes the

PLEA AGREEMENT/ SHUAI LIU - 6
CR17-165RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  United States has agreed not to prosecute all of the criminal charges the evidence

2  establishes were committed by Defendant solely because of the promises made by

3  Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing

4  the Presentence Report, the United States Attorney's Office will provide the United

5  States Probation Office with evidence of all conduct committed by Defendant.

6      Defendant agrees that any charges to be dismissed before or at the time of

7  sentencing were substantially justified in light of the evidence available to the United

8  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

9  with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119

10  (1997).

11      12.    Acceptance of Responsibility. The United States acknowledges if

12  Defendant qualifies for an acceptance of responsibility adjustment pursuant to

13  USSG § 3E1.1(a), his total offense level should be decreased by two (2) levels because

14  Defendant has assisted the United States by timely notifying the authorities of his

15  intention to plead guilty, thereby permitting the United States to avoid preparing for trial

16  and permitting the Court to allocate its resources efficiently.

17      13.    Breach, Waiver, and Post-Plea Conduct. Defendant agrees that if he

18  breaches this Plea Agreement, the United States may withdraw from this Plea Agreement

19  and Defendant may be prosecuted for all offenses for which the United States has

20  evidence. Defendant agrees not to oppose any steps taken by the United States to nullify

21  this Plea Agreement, including the filing of a motion to withdraw from the Plea

22  Agreement. Defendant also agrees that if he is in breach of this Plea Agreement,

23  Defendant has waived any objection to the reinstitution of any charges in the Indictment

24  that were previously dismissed or any additional charges that had not been prosecuted.

25      Defendant further understands that if, after the date of this Agreement, he should

26  engage in illegal conduct, or conduct that is in violation of his conditions of release or

27  confinement (examples of which include, but are not limited to: obstruction of justice,

28  failure to appear for a court proceeding, criminal conduct while pending sentencing, and

1 false statements to law enforcement agents, the Pretrial Services Officer, Probation

2 Officer or Court), the United States is free under this Agreement to file additional charges

3 against Defendant or to seek a sentence that takes such conduct into consideration. Such

4 a sentence could include a sentencing enhancement under the United States Sentencing

5 Guidelines or an upward departure from the applicable sentencing guidelines range.

6      14.    <u>Waiver of Appellate Rights and Rights to Collateral Attacks</u>. Defendant

7 acknowledges that by entering the guilty plea required by this plea agreement, Defendant

8 waives all rights to appeal from his conviction and any pretrial rulings of the court.

9 Defendant further agrees that, provided the court imposes a custodial sentence that is

10 within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if

11 greater than the Guidelines range) as determined by the court at the time of sentencing,

12 Defendant waives to the full extent of the law:

13      a.    Any right conferred by Title 18, United States Code, Section 3742,

14 to challenge, on direct appeal, the sentence imposed by the court, including any fine,

15 restitution order, probation or supervised release conditions, or forfeiture order (if

16 applicable); and

17      b.    Any right to bring a collateral attack against the conviction and

18 sentence, including any restitution order imposed, except as it may relate to the

19 effectiveness of legal representation.

20      This waiver does not preclude Defendant from bringing an appropriate motion

21 pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

22 decisions of the Bureau of Prisons regarding the execution of his sentence.

23      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

24 attacking (except as to effectiveness of legal representation) the conviction or sentence in

25 any way, the United States may prosecute Defendant for any counts, including those with

26 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

27 Agreement.

28

PLEA AGREEMENT/ SHUAI LIU - 8
CR17-165RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 20th day of July, 2017.

SHUAI LIU
Defendant

JAN P. OLSON
Attorney for Defendant #11596

KATHERYN FRIERSON
Assistant United States Attorney

DONALD M. RENO, JR.
Assistant United States Attorney

PLEA AGREEMENT/ SHUAI LIU - 9
CR17-165RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970